UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION  NO. 3-12-CV-697-H

ROGER L. SMITH                                                                 PLAINTIFF

v.

AEGON COMPANIES PENSION PLAN                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

On October 23, 2012, Plaintiff, Roger Smith, filed this ERISA claim to contest Defendant's alleged "belated and untimely efforts to recalculate and reduce [his] vested pension benefits." Within two weeks Defendant, AEGON Companies Pension Plan ("AEGON Plan"), moved to dismiss the complaint without prejudice on the grounds that the Plan's forum selection clause requires that all such claims be brought in the federal courts in Cedar Rapids, Iowa.  The question as to the validity and enforceability of the forum selection clause is a matter of law which the Court should consider at the earliest reasonable time.

I.

The case is somewhat complicated with an unusual procedural history.  Smith was a long-time employee of Commonwealth General Corporation ("CGC"), and accrued non-forfeitable pension benefits under the CGC Retirement Plan ("CGC Plan").  In the late 1990s, AEGON USA merged with CGC.  Smith retired and began receiving his pension benefits effective March 1, 2000 from the AEGON Plan, the successor to the CGC Plan.  After receiving pension payments for about eleven years, AEGON contacted Smith and informed him that it had been overpaying Smith monthly benefits and would be reducing his monthly benefits by roughly one-half.  Moreover, until such time

as the overpayments were repaid, a sum over $150,000, Smith would receive no payments. AEGON took this action on its own, without any outside approval and, apparently, without setting forth in any detail the reasons for the reduction.

Smith, upset by Aegon's sudden action, attempted unsuccessfully to resolve the matter through some administrative process. Then, he attempted to bring his claim against his prior employer, CGC, in a state court action. CGC removed the case to federal court where Judge Joseph McKinley determined that an ERISA preemption applied, and that Smith's claims should be dismissed, as his claims were against the AEGON Plan, not CGC. That decision is currently on appeal to the Sixth Circuit Court of Appeals.

In the interim and apparently at the directive of Judge McKinley, Smith filed this action to enforce the particular terms of the AEGON Plan, which he believes Defendant has disregarded. There seems to be no dispute that Defendant is the proper party against whom such a claim should be asserted. Ultimately, some court must decide whether Defendant's decision to reduce benefits and collect overpayments should be upheld based on the administrative record or whether that decision was arbitrary and capricious. Presently, Defendant has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) for improper venue and to strike Plaintiff's jury request.

Looking to the Complaint, a court will grant a 12(b)(6) Motion to Dismiss if the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must support "a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, the Court can consider the AEGON Plan documents themselves to determine the sufficiency of the claims for dismissal without transforming the motion to a motion

2

for summary judgment, because the Plaintiff refers to the documents in his Complaint and the actual plan itself is central to the Plaintiff's claim. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

II.

Defendant's argument is quite straightforward. The Plan contains a forum selection clause which requires any litigation involving the AEGON Plan to be brought in federal court in Cedar Rapids, Iowa, where the Plan is administered. No one contests the existence of a forum selection clause or its meaning. This Court has previously reviewed the forum selection clause of the AEGON Plan and found it enforceable and reasonable. *Williams v. CIGNA Corp.*, 2010 WL 5147257, at *4-5 (W.D. Ky. Dec. 13, 2010).

This Court agrees in the present context. The Sixth Circuit has described the circumstances under which a forum selection clause may be unenforceable. *See Wong v. PartyGaming LTD.*, 589 F.3d 821 (6th Cir. 2009). The Plaintiff bears the burden of showing that the forum selection clause should not be enforced based on the following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring the suit there would be unjust." *Id.* at 828. Plaintiff has not argued that the clause was induced by fraud, that the Cedar Rapids federal court would ineffectively or unfairly handle the case, or that the inconvenience to Plaintiff is unjust or unreasonable. If this forum selection clause applies here, the Court has no doubt that it should be enforced.

III.

Plaintiff's most persuasive argument that the forum selection clause should not apply is that

3

because Defendant added the venue provisions by amendment in 2007, its provisions are not applicable to Plaintiff's claim for benefits which accrued in the year 2000. However, the law with respect to amendment of pension plans and the provisions of the AEGON Plan itself seem quite to the contrary.

First, in the Sixth Circuit, employers and benefit plans "'are generally free under ERISA, for any reason, at any time, to adopt, modify, or terminate welfare plans.' This rule applies equally to pension benefit plans." *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 508 (6th Cir. 2004)(quoting *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)). The Court can find no limitation upon this right, except to the extent a plan seeks to retroactively limit vested benefits. *Sprague v. General Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998)("To vest benefits is to render them forever unalterable."). This ERISA anti-cutback rule only apples to accrued benefits. *Thornton v. Graphic Commc'ns Conference of the Int'l Bhd. of Teamsters Supplemental Ret. & Disability Fund*, 566 F.3d 597, 602 (6th Cir. 2009). The AEGON Plan defines an "accrued benefit" as "the Monthly Retirement Income, payable as a Life Annuity . . ."  AEGON Plan, § 1.1, ECF 3:12-CV-00194-JHM, DN 1-2, p.3. Therefore, the employer and benefit plan are free to modify the pension benefit plan to the extent that it does not modify the monthly retirement income, which a forum selection clause, on its face, simply cannot do.

Second, the enforcement of the forum selection clause is also proper under the AEGON Plan itself.  At this point, the Court makes no comment on the validity of Plaintiff's substantive complaint.  However, ERISA establishes the "plan document rule", which requires that "plans be administered, and benefits be paid, in accordance with plan documents," and therefore the terms of the AEGON Plan should govern where not in conflict with ERISA. *Egelhoff v. Egelhoff* ex rel.

4

*Breiner*, 532 U.S. 141, 150 (2001); ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).  In §11.1, the AEGON Plan reserves the right "without consent" of the Sponsoring Employer "to modify or amend, in whole or in part, any or all of the provisions of the Plan." AEGON Plan, at p.74.  This section is limited by § 11.2 to the extent such changes might decrease accrued benefits.  *Id.* Therefore, Defendant was free to amend the Plan to include the forum selection clause according to the Plan provisions.

Third, the AEGON Plan is consistent with general ERISA provisions.  Plaintiff argues that the forum selection clause is unenforceable because it is contradictory to ERISA's broad venue provision allowing an ERISA action to be brought in a district court of the United States "in the district where the plan is administered, where the breach took place, and where a defendant resides or may be found." ERISA § 502(e)(2), 29 U.S.C. § 1132(e).  By requiring that a claim under the AEGON Plan be brought in Cedar Rapids, where the Plan is administered and the Defendant resides, however, the forum selection clause at issue is consistent with ERISA's broad venue provision. ERISA's general "plan document rule" dictates that the forum selection clause govern, and that claims under the AEGON Plan be brought in the federal district court in Cedar Rapids, Iowa. Consequently, the Plan's 2007 venue changes are valid under Sixth Circuit precedent, general ERISA law and the Plan itself.

The Court refrains from ruling on the motion to strike the jury request, because this motion is moot as a result of the outcome of the decision on the motion for dismissal.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE due to the absence of proper venue.

This is a final order.

cc:     Counsel of Record